IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JIMMY ELLIS NICHOLSON,**

            Plaintiff,

                                  CIVIL ACTION
    vs.                             No. 05-3422-SAC

**EMMALEE CONOVER, et al.,**

            Defendants.


ORDER


This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. 1983 by a prisoner at the Winfield Correctional Facility. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

---

[1] Because the initial partial filing fee, calculated pursuant to 28 U.S.C. 1915(b)(1), is less than $1.00, the court will not require the payment of an initial partial fee. Plaintiff is advised that he remains obligated to pay the statutory filing fee of $250.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to

Plaintiff alleges the defendants have calculated his sentence improperly by denying certain jail credit. He seeks damages.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages for allegedly unconstitutional confinement, a plaintiff proceeding under section 1983 must establish that the conviction or sentence in question has been overturned or otherwise invalidated. Here, plaintiff cannot show that his sentence has been overturned, as the complaint states he is pursuing relief in the state courts pursuant to K.S.A. 60-1501. Because a decision in this matter in plaintiff's favor would undermine the validity of his sentence, this matter is premature under Heck and must be dismissed without prejudice. Plaintiff may move to reopen this action upon a decision in his favor concerning the sentence calculation.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C.

---

providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

1915(b)(2) until plaintiff satisfies the full filing fee.

IT IS FURTHER ORDERED this matter is dismissed without prejudice.

Copies of this order shall be transmitted to plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 8th day of November, 2005.

        S/ Sam A. Crow
        SAM A. CROW
        United States Senior District Judge